UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MATTHEW GEIB,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | **CV 08-641** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **HUNTER WARFIELD, INC.,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Matthew Geib, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. (hereinafter "FCRA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Matthew Geib ("Geib" or "Plaintiff"), is a resident and citizen of the state of Alabama, Baldwin County, and is over the age of twenty-one (21) years.

2. The Defendant, Hunter Warfield, Inc. ("Defendant") is a Maryland corporation with

its principal place of business in the state of Florida. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Baldwin County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. On or about September 26, 2008, Plaintiff received a call on his cellular telephone by the Defendant who was attempting to collect a debt allegedly owed to a third party creditor, who is not a party to this action. The alleged debt was in regards to a residential lease agreement. This was the first phone call Plaintiff had received from Defendant.

4. Upon information and belief, the call was placed by the Defendant using an auto-dialing system.

5. The call utilized an artificial and/or prerecorded voice.

6. The recording directed Plaintiff to "push 5 to retrieve an important message." When the Plaintiff pushed 5, he was directed to another pre-recorded message, which ended when an male agent/employee of Defendant picked up the line.

7. The agent/employee identified himself as "Steve Sims" who began to berate and harass Plaintiff about the alleged debt in a rude and offensive manner.

8. The agent/employee told Plaintiff that he knew he had a Capital One card with a sufficient balance to pay the alleged debt. Plaintiff told the agent/employee that his credit card(s) were none of his business and further that he only used them for emergencies, to which the agent/employee responded: "Sir, this is an emergency."

9. Upon information and belief, Defendants obtained this information by using Plaintiff's credit report(s).

10. The agent/employee threatened and attempted to coerce the Plaintiff by stating: "I know how much you make."

11. The agent/employee threatened and attempted to coerce the Plaintiff by stating: "[W]e will take this to litigation."

12. The agent/employee threatened and attempted to coerce the Plaintiff by stating: "We will put a lien on your house."

13. The agent/employee also demanded that Plaintiff send him a post-dated check.

14. Because of the agent/employee's rude and harassing manner, Plaintiff became extremely upset and had no choice but to end the call by hanging up.

15. On or about September 29, 2008, Plaintiff received a message on his cell phone from a female caller who identified herself as "Sarah Brooks" who requested that Plaintiff return her call and that "we had a decision to make" and that if Plaintiff did not return the call that they would be forced to "go ahead and make a decision." The recording did not state that the call was from a debt collector or that it was an attempt to collect a debt.

16. Plaintiff did not know who "Sarah Brooks" was, but was able to identify her as an agent/employee of defendant by looking up the return phone number that she left.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendant used false representations and/or deceptive means to attempt to collect a debt in violation of §§1692e(3), (4), (5), (10) and (11).

20. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

21. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

22. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## TELEPHONE CONSUMER PROTECTION ACT

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

25. Defendant's violations of the TCPA include, but are not limited to, the following:

26. The placement of a telephone call (other than a cell made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, is in violation, in violation of 47 U.S.C. § 227b(1)(A)(iii).

27. As a result of the defendant's actions, the plaintiff is entitled to an award of statutory and trebled damages.

## COUNT THREE

**FAIR CREDIT REPORTING ACT**

28. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

29. Upon information and belief, in the course of its attempts to collect a debt allegedly owed by Plaintiff regarding a residential lease agreement, Defendant knowingly and willfully requested and obtained Plaintiff's consumer credit report without a permissible purpose.

30. According to the Federal Trade Commission, residential leases do not involve credit, and therefore a collector cannot legitimately seek a consumer report to collect past-due rent, unless they are enforcing a judgment. (*See* Long, FTC Informal Staff Opinion Letter (July 6, 2000).

31. Defendant's conduct in knowingly and willfully obtaining Plaintiff's credit report without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION

32. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

33. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

34. The Defendant knew or should have known that said conduct was improper.

35. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

36. The Defendant negligently failed to train and supervise collectors on the FDCPA, TCPA, and FCRA.

37. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## RECKLESS AND WANTON TRAINING AND SUPERVISION

38. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

39. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

40. The Defendant knew or should have known that the said conduct was improper and illegal.

41. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

42. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA, TCPA, and FCRA.

43. As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA, TCPA, and FCRA;

B. Statutory damages of $1,000, actual damages, and costs and reasonable attorney fees from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Statutory and trebled damages for the violations of the TCPA.

D. Statutory damages of $1,000, actual damages, and costs and reasonable attorney fees from the Defendant for the violations of the FCRA (15 U.S.C.§1681n)

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

F. Such other relief that this Court deems just and proper.

/s/ Michael W. Lindsey
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

HUNTER WARFIELD, INC.
c/o Corporation Service Company – Reg. Agent
1201 Hays St
Tallahassee, FL 32301-2525